FILED
CLERK
5/4/2015 12:24 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PIK QUAN LEONG,

                      Plaintiff,

       -against-

127 GLEN HEAD INC. d/b/a KIRAKU
JAPANESE RESTAURANT INC. and
JIN HANG ZHENG,

                 Defendants.
----------------------------------------------------------X

DECISION AND ORDER
13-cv-5528 (ADS)(AKT)

**APPEARANCES:**

**Akin Law Group, PLLC**
*Attorneys for the Plaintiff*
45 Broadway, Suite 2650
New York, NY 10006
    By: Zafer A. Akin, Esq.
        Robert D. Salaman, Esq., Of Counsel

**Law Office of Xian Feng Zou**
*Attorneys for the Defendants*
136-20 38th Avenue, Suite 10D
Flushing, NY 11354
    By: William X. Zou, Esq., Of Counsel

**SPATT, District Judge.**

On October 7, 2013, the Plaintiff Pik Quan Leong (the "Plaintiff") commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a)(1), 216(b); New York Executive Law § 296 *et seq.*; the Administrative Code of the City of New York, § 8-101 *et seq.*; the New York State Minimum Wage Act, N.Y. Labor Law §§ 650-665 *et seq.* (the "NYMWA"); and Title 12 of the New York Codes, Rules and Regulations, § 142-2.1, 2.2 (the "NYCRR").

1

On December 5, 2014, the Plaintiff moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 for summary judgment on liability with regard to her overtime pay claims and associated damages, including liquidated damages, prejudgment interest, and attorneys' fees.

For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Unless otherwise stated, the following facts are drawn from the parties' Rule 56.1 Statements and Exhibits and construed in a light most favorable to the non-moving parties, the Defendants. As the present motion is limited to the Plaintiff's overtime claims, the Court omits a recitation regarding her other claims. Triable issues of fact are noted.

A. The Parties

The Plaintiff is a female who, at the time the complaint was filed, resided in Queens County, New York.

At all relevant times, the Defendant 127 Glen Head Inc. was a New York entity doing business as Kiraku Japanese Restaurant ("Kiraku"). Kiraku operated from the premises designated as 127 Glen Head Road, Glen Head, New York 11545.

The Defendant Jin Hang Zheng ("Zheng") was and is an owner and/or principal of Kiraku.

B.     The Underlying Overtime Pay Dispute

In November 2011, the Plaintiff commenced employment with Kiraku. Her title was a Cashier.

Zheng determined the rate of pay for Kiraku employees, including the Plaintiff. The Plaintiff was paid in cash by the Kiraku and Zheng (collectively the "Defendants").

Also, in the complaint, the Plaintiff alleges that she worked 55 hours per week; namely, 11 hours per day and five days per week, and was paid $110 per day and $550 per week. (Comp., at ¶ 33.)

For purposes of the present motion, the Plaintiff filed an affidavit in which she states that she worked six days per week, "sixty-two hours per week for the Defendants," and was paid $100 per day. (Pl Affid., at ¶¶ 4, 7, 10.)

However, in the Plaintiff's memorandum of law in support of her motion for summary judgment, her counsel contends that, during the relevant time period, the Defendants paid her a flat rate of $110 per day. (Doc 36-1, at 2.)

In his deposition, Zheng testified that the Plaintiff worked 45 hours per week if she worked 5 days a week or 52 to 53 hours per week when she worked six days per week. (Zheng Dep., at 114, 116.). Zheng also testified that the Plaintiff was paid $10 per hour in wages and that she was paid $550 per week if she worked five days in a week and $660 per week if she worked six days a week. (Id. at 106-108.)

3

Zheng also filed an affidavit in which he avers that the Plaintiff was given time cards for her to clock in and out, which she did. (Zheng Affid. at ¶ 6.)

The Defendants did not deduct Social Security or Medicaid taxes when they paid the Plaintiff. Zheng states that the Plaintiff did not have legal status to work in the United States and, therefore, she requested that Kiraku not report her income or issue her any wage statements, including but not limited to, W-2 statements. (Id. at ¶ 7.)

Nevertheless, the Defendants maintain that they have consistently kept records of the Plaintiff's working hours. During discovery, the Defendants produced certain Kiraku time cards for the Plaintiff's hours, including from December 1, 2011 through December 14, 2011 and January 1, 2012 through February 15, 2012. However, the copy of the time cards submitted by the Plaintiff in conjunction with this motion are covered by gray print and, therefore, are virtually impossible to decipher.

While the Defendants concede that they do not have a complete record of the Plaintiff's time cards, they claim this is so because the Plaintiff likely removed the remainder after her employment ceased. However, Zheng testified that some of the records were lost and that he had no evidence that the Plaintiff took the missing time cards. (Zheng Dep., at 81-82.)

In April 2013, the Plaintiff's employment ended, although it is not clear in what manner. The Plaintiff obtained new employment in May 2013.

4

## II. DISCUSSION

A. <u>The Legal Standard on Summary Judgment</u>

Summary judgment may not be granted unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. <u>Nunn v. Mass. Cas. Ins. Co.</u>, 758 F.3d 109, 114 n. 4 (2d Cir. 2014).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue for trial, and cannot rely merely on allegations or denials contained in the pleadings. <u>See</u> Fed. R. Civ. P. 56(c); <u>accord</u> <u>Fabrikant v. French</u>, 691 F.3d 193, 205 (2d Cir. 2012). "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment." <u>Ridinger v. Dow Jones & Co. Inc.</u>, 651 F.3d 309, 317 (2d Cir. 2011)(citation omitted).

5

B. <u>The Overtime Pay Claims</u>

Congress enacted the FLSA in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers," 29 U.S.C. § 202(a), and to "guarantee [ ] compensation for all work or employment engaged in by employees covered by the Act." <u>Tennessee Coal, Iron & Railroad Company v. Muscoda Local No. 123</u>, 321 U.S. 590, 602, 64 S. Ct. 698, 88 L. Ed. 949 (1944). As part of that effort, the FLSA imposes numerous "wage and hour" requirements, including overtime pay, which is at issue in this case. 29 U.S.C. § 207.

Here, the Defendants do not dispute that the FLSA generally applies to Kiraku or its owner, Zheng. <u>See</u> <u>Acosta v. Hall of Fame Music Stores, Inc.</u>, No. 10-CV-5139 (SLT)(LB), 2015 WL 1003550, at *3 (E.D.N.Y. Mar. 5, 2015)("The FLSA broadly defines an employer to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee.' 29 U.S.C. § 203(d).")(emphasis added); <u>see also</u> <u>Osorio v. Mathews Prime Meats, Inc.</u>, No. 13-CV-1292 (ADS)(SIL), 2015 WL 1919457, at *2 (E.D.N.Y. Apr. 28, 2015).

Rather, the Defendants argue that the Plaintiff was properly paid overtime pay. According to the Defendants, the Plaintiff was paid at an hourly rate of $10. They claim that her base pay for 40 hours per week would then be $400; her overtime pay would be 14

6

hours multiplied by $10 per hour at 150% or $210; and her total pay for a week with 14 hours of overtime would have been $610. The Defendants claim that the Plaintiff was paid $660 per week and, therefore, she was duly paid for her overtime.

Alternatively, the Defendants claim that summary judgment in favor of the Plaintiff on these claims is inappropriate in light of the presence of triable issues of fact. The Court agrees.

In the Court's view, there are in this case genuine issues of material fact, including issues related to the hours per week the Plaintiff typically worked; her typical pay; her overtime hours; and the amount of pay she received for this overtime.

Generally, an employee-plaintiff under the FLSA "has the burden of proving that he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946), superseded on other grounds by The Portal-to-Portal Act of 1947, 29 U.S.C. § 251, *et seq*.

As the Supreme Court recognized in Anderson, "employees seldom keep . . . records [of hours worked] themselves; even if they do, the records may be and frequently are untrustworthy." Id. Therefore, the easiest way for an FLSA plaintiff to discharge his or her burden of proof is, generally, to "secur[e] the production of such records" from the employer, who has the duty for their maintenance under section 11(c) of the FLSA. Id.; Santillan v. Henao, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011)(same).

7

In this case, certain of the Plaintiff's time cards appear to be missing or lost. As noted above, the parties fault each other for these missing records.

Under both the FLSA and the NYLL, an employer must maintain accurate records of an employee's hours. 29 U.S.C. § 211(c); N.Y. COMP.CODES R. & REGS. tit. 12, § 142-2.6. An employee bringing an action for unpaid overtime compensation thus bears the burden of proving that the employee was not properly compensated for work performed. See Anderson, 328 U.S. at 687, 66 S. Ct. 1187, 90 L. Ed. 1515. However, under both the FLSA and the NYLL, when an employer's records are inadequate, an employee may meet this burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007)(quoting Anderson, 328 U.S. at 687).

"A plaintiff may do so solely through his or her own recollection." Aguilar v. E-Z Supply Corp., No. 06-CV-6790 (SLT)(RER), 2008 WL 905224, at *3 (E.D.N.Y. Mar. 31, 2008)(citing Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)).

Furthermore, under the FLSA, "[t]here is a rebuttable presumption that a weekly salary covers 40 hours." Giles v. City of New York, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999).

As to the overtime claims, at this juncture, the Court is not prepared to rule on the proper standard of proof. However, even if the standard of proof were lowered due to inadequate recordkeeping by the Defendants, in order to prevail on the

8

present motion for summary judgment, the Plaintiff must establish the absence of a genuine issue of material fact. The Court finds that she has failed to do so.

Indeed, as noted above and highlighted by the Defendants, there are some inconsistencies regarding her pay and hours in the complaint; her affidavit; and her counsel's memorandum of law.

For purposes of the present motion, the Plaintiff contends that some of the allegations in the complaint "w[ere] a misnomer and should be disregarded." (Doc No. 36-1, at 6.) In this regard, the Plaintiff requests that the Court amend the pleadings under Rule 15(b) to conform to the evidence produced in discovery.

However, Rule 15(b) governs amendments to the pleadings made "during and after trial." Because a trial in this matter has not yet commenced, any discussion of this issue would be premature at this stage. Accordingly, the Court reserves ruling on any such motion to amend that either party may make during and after the trial. See Universe Antiques, Inc. v. Vareika, No. 10 CIV. 3629 (VM), 2011 WL 5117057, at *7 (S.D.N.Y. Oct. 21, 2011).

The Plaintiff's overtime claim under the NYLL does not raise any separate issues. "Thus, because the NYLL is 'nearly identical to [the] FLSA' for the purposes of the claims asserted here, the preceding analysis applies equally to Plaintiff's overtime claim under the NYLL." Spataro v. Gov't Employers Ins. Co., No. 13-CV-5020 (JS)(ARL), 2014 WL 3890222

9

at *4 n. 3 (E.D.N.Y. Aug. 6, 2014)(citing Stein v. Guardsmark, LLC, No. 12–CV–4739 (JPO), 2013 WL 3809463, at *12 n. 6 (S.D.N.Y. July 23, 2013).

In sum, the Court denies that part of the Plaintiff's motion for summary judgment with regard to liability on her overtime pay claims. Having made that determination, the Court denies as moot that part of the Plaintiff's motion for summary judgment with regard to damages on those claims.

### III. CONCLUSION

Based on the foregoing reasons, the Plaintiff's motion for summary judgment is denied.

**SO ORDERED**.

Dated: Central Islip, New York
May 4, 2015

*   Arthur D. Spatt*

ARTHUR D. SPATT
United States District Judge