UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PIK QUAN LEONG,

                Plaintiff,                **ORDER**

                                                  CV 13-5528 (ADS) (AKT)

          - against -

127 GLEN HEAD INC., d/b/a KIRAKU
JAPANESE RESTAURANT INC., and
JIN HANG ZHENG,

                Defendants.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

       Plaintiff Pik Quan Leong ("Plaintiff") brings this hybrid action against her former employers Defendants 127 Glen Head, Inc. d/b/a Kiraku Japanese Restaurant, Inc ("Kiraku") and Jin Hang Zheng ("Zheng") (collectively, "Defendants") alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for failure to pay overtime compensation.  *See generally* Complaint ("Compl.") [DE 1].  Presently before the Court is Plaintiff's letter motion to reopen discovery to add the two witnesses to the Joint Pre-Trial Order.  *See* Plaintiff's Letter Motion ("Pl.'s Mot.") [DE 46].  Defendants oppose the application, arguing, among other things, that reopening discovery at this late juncture would severely prejudice Defendants and that Plaintiff's conduct warrants the sanction of preclusion under Fed. R. Civ. P. 37(c).  *See* Defendants' Opposition

("Defs.' Opp'n") [DE 47]. For the reasons set forth below, Plaintiff's motion is GRANTED, in part, and DENIED, in part.

## II. BACKGROUND

### A. Allegations in the Complaint

The Court presumes the parties' familiarity with the facts alleged in this case. Briefly, Plaintiff was employed as a cashier at Kiraku in November 2011. *See* Compl. ¶ 22. Plaintiff alleges that she worked 11 hours per day and 55 hours per week and that she was paid $10 per hour (or $110 per day, $550 per week) in wages. *Id.* ¶¶ 30-33. According to Plaintiff, she was not paid any overtime wages while she was employed by Defendants. *Id.* ¶ 34.

Plaintiff further alleges that, throughout her employment at Kiraku, she was subjected to "numerous acts of sexual harassment, unlawful discrimination and employment practices on a daily basis." *Id.* ¶ 36. She describes the "obscene" and "sexually explicit conversations" Kiraku employees Sam, Peggy, Linda, and Sally often had in her presence. *See id.* ¶¶ 37-43; 49. Plaintiff maintains that this conduct amounted to sexual harassment and created a hostile work environment. *See id.* ¶¶ 47; 51. Plaintiff alleges that she and another cashier, Cami, reported the employees' conversations to Zheng, the owner of Kiraku. *Id.* ¶¶ 44-45, 48. Zheng purportedly asked some of the chefs at Kiraku "to refrain from such conversations around the 'girls' but took no other action whatsoever." *Id.* ¶ 48. Plaintiff alleges that the sexually explicit conversations only increased after she complained to Zheng. *See id.* ¶ 49. According to Plaintiff, she was terminated around April 20, 2013 in retaliation for reporting the sexual harassment and hostile work environment. *Id.* ¶ 51.

At the conclusion of discovery, the parties filed a proposed Joint Pre-Trial Order ("JPTO") on May 20, 2015. *See* DE 43. As relevant here, the JPTO identifies four witnesses to

be offered in Plaintiff's case in chief: Dr. Stephen Reich, Yang Rao Guo ("Guo"), Nick Martone ("Martone") and the Plaintiff herself. *See id.* ¶ G. During the Pre-Trial Conference, Defendants' counsel objected to Plaintiff's inclusion of Guo and Martone in his witness list on the grounds that Plaintiff had not previously identified these individuals in her Fed. R. Civ. P. 26(a) Initial Disclosures. DE 44 ¶ 1. The Court informed Plaintiff's counsel that, under these circumstances, his "only avenue of relief here is to file a motion seeking to reopen discovery and meet the 'good cause' standard for doing so under existing Second Circuit case law." *Id.*

### B.  The Instant Motion

Plaintiff thereafter filed the instant motion to reopen discovery for the "limited purposes" of adding Guo and Martone to the witness list. *See* Pl.'s Mot. at 1. Plaintiff asserts that the two witnesses – both former employees who worked for Defendants during the period of Plaintiff's employment – will provide "relevant evidence to the jury as to hostile work environment and the pay practices of Defendants." *Id.* at 2. According to Plaintiff, Guo will testify about Defendants' wage practices and "the sexual harassment Plaintiff was forced to endure." *Id.* at 1. Martone, formerly employed as a delivery person for Defendants, will also testify as to Defendants' wage practices, as well as "Plaintiff's job performance." *Id.*

Relying on the six-part test enunciated in *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008), Plaintiff contends that she has established good cause for reopening discovery. Pl.'s Mot. at 2. In particular, Plaintiff notes that "a trial date in this action has not yet been scheduled" and Defendants therefore "have adequate time to prepare for [the witnesses'] appearance at trial." *Id.* Plaintiff further asserts that Defendants have suffered no prejudice here because Plaintiff disclosed "Guo as a witness in her discovery responses and through document exchange more than sixteen (16) months ago"

3

and, although Plaintiff did not disclose Martone, "Defendants were aware that their former employees could be witnesses in this action." *Id.*

In their opposition, Defendants argue that reopening discovery more than two years after Plaintiff served her Rule 26(a) Initial Disclosures would be tantamount to restarting discovery on the eve of trial. Def.'s Opp'n at 1.[1] Relying on Plaintiff's Initial Disclosures, Defendants contend that they have conducted discovery under the premise that only Plaintiff would be testifying at trial. *Id.* at 2. Allowing Plaintiff to add two new witnesses at this juncture would, according to Defendants, subject them to "severe prejudice, including but not limited to[ a] substantial amount of legal fees, costs and time." *Id.* at 1. Defendants also point out that Plaintiff has neither been diligent in disclosing the two witnesses within the timelines set by the Court, nor has she shown that the need for these witnesses was unforeseeable. *See id.* at 2. As to Plaintiff's claim that she disclosed Guo in her interrogatory response and during document discovery, Defendants assert that these actions did not absolve Plaintiff of her obligations under Rule 26(a). *See id.* Finally, Defendants argue that the likelihood that Guo and Martone will present relevant evidence to the jury is "purely speculative and unfounded." *Id.* For these reasons, Defendants urge that "Plaintiff's failure to abide by Rule 26(a) . . . be subject [to] the evidence preclusion sanction under Rule 37." *Id.* Alternatively, if Plaintiff's request to reopen discovery is granted, Defendants seek "legal fees and costs to conduct such discovery." *Id.*

The Court thereafter issued an Order noting that Plaintiff had not provided the Court "with a reasonable explanation (in this case, any explanation) as to why these witnesses were not addressed prior to the close of discovery, particularly since counsel was aware of these

---

[1] It appears to the Court that the arguments in Defendants' opposition are based on the same six-part test enunciated in *Pharmacy, Inc.* and cited by Plaintiff in her motion. However, the Court notes that Defendants have not cited any case law in support of their position.

4


individuals." DE 48. The Court directed Plaintiff's counsel to provide this information forthwith. *See id.*

In his response, Plaintiff's counsel states that his failure to include Guo as a potential witness in Plaintiff's Rule 26(a) Initial Disclosures was "a mere oversight on Plaintiff's counsel's part." DE 49 at 1. Counsel asserts, however, that "[i]t is disingenuous for Defendants[] to claim they did not know Ms. Guo would testify on behalf of Plaintiff at the time of trial" as "Defendants[] had a full and fair opportunity to depose Ms. Guo" after she was disclosed as a potential witness in Plaintiff's discovery responses. *Id.* As to Martone, counsel asserts that Plaintiff first mentioned this witness to him "shortly before the filing of the Joint Pre-Trial Order, and thus Mr. Martone was not disclosed earlier." *Id.* According to counsel, Plaintiff should still be permitted to call Martone as a witness at trial because Plaintiff stated in her Initial Disclosures "that 'past or present employees, officers, or directors of the defendants may also have discoverable information'" and Martone "certainly fits within that description." *Id.*

### III.  LEGAL STANDARD

Pursuant to Rule 26(a)(1)(A), a party, without awaiting a discovery request, must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims and defenses." Fed. R. Civ. P. 26(a)(1)(A). "These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." *Id.*

Under Rule 37(c)(1), a party which fails to disclose information or identify a witness as required by Rule 26(a) "is not allowed to use that information or witness to supply evidence on the motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)). "The purpose of the rule is to prevent the practice of 'sandbagging' an

opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (summary order); *see, e.g.*, *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

"Despite the mandatory nature of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Pal v. N.Y. Univ.*, No. 06–CV–5892, 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006)); *see also S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) ("The district court is free to consider the full record in the case in order to select the appropriate sanction." (internal quotation marks and citation omitted)); *Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13–CV–1896, 2015 WL 3824254, at *2 (S.D.N.Y. June 19, 2015) ("Rule 37 requires that any action be 'just,' in order to ensure that the 'severity of sanction [ ] be commensurate with the noncompliance.'") (alteration in original) (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007)). Thus, to determine whether evidence should be precluded, a court should consider: "'(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Design Strategy*, 469 F.3d at 296 (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)) (internal alterations omitted); *see also Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). Although Rule 37(c) does not require a showing of bad faith, a party's bad faith may "be taken into account as part of the party's explanation for its failure to comply." *Design Strategy*, 469 F.3d at 296.

6

In addition, "'[a] party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery.'" *Thieriot v. Jaspan Schlesinger Hoffman, LLP*, No. 07- CV-5315, 2010 WL 4038765, at *6 (E.D.N.Y. Sept. 30, 2010) (quoting *Durakovic v. Bldg. Serv. 32B–J Pension Fund*, 642 F. Supp. 2d 146, 155 (E.D.N.Y. 2009)); *see Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) ("In deciding whether to reopen discovery, courts consider whether good cause exists.") (citing *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991)). Courts apply the following six-part test to analyze a request to reopen discovery:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.

*Thieriot*, 2010 WL 4038765, at *6 (quoting *Pharmacy, Inc.*, 2008 WL 4415263, at *3); *see, e.g.*, *Kirkland v. Cablevision Sys.*, No. 09-CV-10235, 2012 WL 4336193, at *2 (S.D.N.Y. Sept. 21, 2012); *Bakalar*, 851 F. Supp. 2d at 493.

### IV. DISCUSSION

#### A. Violation of Rule 26(a)(1)(A)

As a preliminary matter, the Court must determine whether Plaintiff violated Rule 26(a)(1)(A) by failing to include Guo and Martone in her Initial Disclosures. Plaintiff's counsel conceded during the Pre-Trial Conference that Plaintiff's Initial Disclosures do not list Guo or Martone as witnesses and Plaintiff did not serve supplemental disclosures naming these individuals while discovery was under way. Nevertheless, Plaintiff now asserts that she satisfied her disclosure obligations with respect to Guo because she (1) identified Guo as a person with

7

"discoverable facts" and/or a potential "witness[]" in her January 2014 response to Defendants' Interrogatory No. 1, and (2) produced text messages between Plaintiff and Guo (nicknamed Rena) in response to Defendants' document demands.  *See* Pl.'s Mot. at 1; Plaintiff's Response And Objections to Defendants' First Set of Interrogatories ("Pl.'s Resps."), annexed as Ex. A. to *id.*  Plaintiff's counsel further notes that, although Martone "was not previously disclosed in interrogatory responses, the Defendants were aware that their former employees could be witnesses in this action."  Pl.'s Mot. at 2; *see also* DE 49.

"Many courts in this Circuit . . . have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)[.]"  *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) (collecting cases).  "Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial."  *Id.* at 73.  "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness."  *Pal*, 2008 WL 2627614, at *4 (citing *Alfano v. Nat'l Geographic Channel*, No. 06-CV-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (Rule 26(a)(1) requires the disclosure "not merely that a person is a potential source of information, but that the party may call upon him to provide it.")).

Applying these standards, the Court concludes that Plaintiff violated Rule 26(a)(1)(A) by failing to identify Guo and Martone in her Initial Disclosures.  The case law makes clear that, even if Defendants were aware that these individuals existed, that awareness did not absolve Plaintiff of her Rule 26(a)(1)(A) disclosure obligation, which "is fulfilled only if [Plaintiff] informed [Defendants] that [she] might call the witness[es] in support of [her] claims or defenses."  *Pal*, 2008 WL 2627614, at *4 (citing *Alfano*, 2007 WL 2982757, at *1).  Plaintiff did not inform Defendants of her intent to do so here.  Instead, Plaintiff's counsel identified Guo as a

8

potential witness in her interrogatory response, which "simply did not provide [Defendants] with fair warning of the need to take discovery from [her]." *Id.* Nor did the text messages Plaintiff produced serve to "alert" Defendants that Guo may be called as a witness in Plaintiff's case. *Id*; *see also Thieriot*, 2010 WL 4038765, at *5 (stating that the attempt by counsel for the defendant "to diminish" his duty to supplement under Rule 26 "by arguing that Plaintiffs have been aware of witness Forbes since the beginning of this lawsuit is unavailing, at best"). Finally, Plaintiff's bald assertion, without citation to supporting case law, that Defendants should have anticipated that she would call Martone as a witness because he is a former employee is unpersuasive and runs counter to the purposes of Rule 26(a)(1)(A).

### B. Preclusion Sanction Under Rule 37(c)(1)

Defendants argue that Plaintiff should be precluded under Rule 37(c) from introducing Guo and Martone as witnesses at trial. *See* Defs.' Opp'n at 2. Having found that Plaintiff failed to comply with Rule 26(a)(1)(A), the Court must consider whether Plaintiff's non-compliance could be considered substantially justified or harmless under Rule 37(c). *See* Fed. R. Civ. P. 37(c)(1)). "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Lujan*, 284 F.R.D. at 68 (quoting *Ritchie Risk–Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012)) (internal quotation marks omitted). "An omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff has not demonstrated that her failure to disclose Guo and Martone was substantially justified or harmless. There is no question that Plaintiff was required to disclose

9

these witnesses in her Initial Disclosures and Plaintiff has not shown that she "lacked the ability to make [her] Rule 26(a)(1)(A) disclosures with respect to any of the newly-identified witnesses before discovery closed." *Pal*, 2008 WL 2627614, at *4. To the contrary, it appears that Plaintiff has known that she may Guo call as a witness as far back as January 2014 when she submitted her interrogatory responses. *See Edwards v. City of New York*, No. 08-CV-2199, 2009 WL 2167917, at *3 (E.D.N.Y. July 20, 2009) (noting that the plaintiff "has long known both of the existence of the witnesses at issue and of his obligation to disclose their identities to the defendants" and holding that the plaintiff "should not be permitted to sandbag the defendants at trial with the testimony of such witnesses"). Nor can Plaintiff's conduct be considered harmless. *See* Fed. R. Civ. P. 37(c)(1)). If the Court were to permit these untimely disclosures, it would have to reopen discovery in this nearly three-year-old case to afford Defendants an opportunity to depose the additional witnesses. Defendants further note that, if discovery were reopened, they may be required to subpoena Guo and Martone to compel their appearance at depositions and to provide interpreters for those depositions. *See* Defs.' Opp'n at 1. For these reasons, the Court concludes that Plaintiff's conduct was neither substantially justified nor harmless.

The Court now turns to the factors identified by the Second Circuit in *Patterson* in considering whether the sanction of preclusion is warranted under Rule 37(c). The first *Patterson* factor – a party's explanation for its failure to comply with discovery – weighs in favor of preclusion. In his supplemental submission, Plaintiff's counsel states that the failure to disclose Guo in the Plaintiff's Initial Disclosures was a "mere oversight" on counsel's part, while Martone was not previously disclosed because Plaintiff first identified this witness just prior to the submission of the JPTO. *See* DE 49. "[A]ttorney neglect or oversight is not an acceptable explanation for failure to disclose." *Gotlin v. Lederman*, No. 04-CV-3736, 2009 WL 2843380, at

10

*4 (E.D.N.Y. Sept. 1, 2009) (finding that the "unsatisfactory explanation" the plaintiff's counsel "for his failure to disclose the [r]ecords weighs very heavily in favor of preclusion") (citing *Haas*, 282 F. App'x at 86 ("Although the late discovery of [a potential witness] was apparently due to plaintiff's counsel's neglect and not 'bad faith,' bad faith is not required and counsel has offered no adequate explanation for this untimely disclosure.")). Nor does the Court find Plaintiff's own "oversight" in failing to identify Martone to her counsel until this late juncture in the case to be an acceptable excuse. Finally, for the reasons already explained, Plaintiff's assertion that Defendants should nonetheless have been aware that Martone could be called as a witness is unavailing, as Rule 26(a)(1)(A) specifies that a party must disclose the names of *any* witness that the party *may* use to support its claims or defenses so as not to sandbag his or her adversary before trial. *See Lujan*, 284 F.R.D. at 68 (citing *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

      The second *Patterson* factor – the importance of the testimony to Plaintiff – appears to favor Plaintiff. As discussed, Plaintiff asserts that Guo will testify about Defendants' wage practices and the allegedly hostile work environment, while Martone will also testify as to Defendants' wage practices and Plaintiff's job performance. *See* Pl.'s Mot. at 1. These issues go directly to the claims at issue in this litigation, and the witnesses' testimony presumably would be important to Plaintiff's case. The Court further notes that the only other testimony Plaintiff plans to present on these issues is her own, while Defendants plan to call two employees (Lisa and Sally) who, according to the Complaint, allegedly harassed Plaintiff. *See* JPTO [DE 43]. Defendants, for their part, argue that Plaintiff merely speculates that Guo and Martone will offer relevant testimony. *See* Defs.' Mot. at 2. Indeed, Plaintiff's sparse motion papers do not provide

11

any detail about the substance of the witnesses' proposed testimony. However, the Court nevertheless finds that the second *Patterson* factor weighs in favor of Plaintiff.

The third *Patterson* factor – the prejudice suffered by Defendants – again weighs narrowly in favor of Plaintiff. Discovery in this matter closed on April 20, 2015 and the Court was prepared to certify this case to Judge Spatt as trial-ready during the May 28, 2015 Pre-Trial Conference. As discussed, permitting the late disclosure of Guo and Martone would require the Court to reopen discovery so that Defendants can depose those witnesses. However, any prejudice to Defendants resulting from reopening discovery for this limited purpose would be minimal, particularly if the Court required any deposition to be completed expeditiously and at the Plaintiff's expense. *See, e.g.*, *Roberites v. Huff*, No. 11-CV-521S, 2015 WL 7018556, at *2 (W.D.N.Y. Nov. 12, 2015) (holding that "the circumstances narrowly favor an expedited deposition" of one of the plaintiff's treating physicians after the plaintiff failed to timely provide a medical release, and noting that "[a]n expedited deposition . . . will eliminate any concern that plaintiff may have about prejudice stemming from delay"); *Shapard v. Attea*, No. 08-CV-6146, 2015 WL 866892, at *2 (W.D.N.Y. Mar. 2, 2015) (granting motion to reopen discovery and stating that the defendants "will not be prejudiced, most notably because the Court expects that the additional discovery will be completed expeditiously"); *Krawec v. Kiewit Constructors Inc.*, No. 11-CV-123, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013) (holding that any prejudice from reopening discovery for the limited purpose of allowing the defendant to depose the plaintiff's previously undisclosed witness "would be minimal, and the evidence that [the witness] could provide is almost certainly relevant, and potentially important to Defendant's ability to respond to Plaintiff's claim").

As to the fourth *Patterson* factor – the possibility of a continuance – "[n]o trial date has been set, so no continuance is necessary." *Pharmacy, Inc.*, 2008 WL 4415263, at *7; *see, e.g.*, *Barnett v. Connecticut Light & Power Co.*, No. 3:11-CV-1037, 2013 WL 1196669, at *1 (D. Conn. Mar. 25, 2013). However, "a continuance is always theoretically possible, [and] the closure of discovery weighs against a continuance." *Lujan*, 284 F.R.D. at 76; *see, e.g.*, *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, No. 08–CV–2540, 2011 WL 1239867, at *4 (E.D.N.Y. Mar. 30, 2011); *Morritt v. Stryker Corp.*, No. 07-CV-2319, 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011) (same). The Court therefore finds that this factor is neutral and does not weigh in favor of either party.

"The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial pursuant to Rule 37(c)(1)." *Lopez v. City of New York*, No. 11-CV-2607, 2012 WL 2250713, at *1 (E.D.N.Y. June 15, 2012); *see also Design Strategy*, 469 F.3d at 297–98 (stating that a "district court has wide discretion to impose sanctions" under Rule 37). Having weighed the relevant *Patterson* factors, the Court concludes that the harsh sanction of preclusion is not mandated here with respect to Guo. Although Plaintiff was not diligent in disclosing this witness, the Court finds the potentially probative value of Guo's testimony to both Plaintiff's wage practices claims and her hostile work environment claims outweighs the inconvenience to Defendants, particularly where the trial date has not been set. Moreover, Plaintiff has shown that good cause exists to reopen discovery with respect to this witness.[2] Accordingly, the Court will

---

[2] Similar to the *Patterson* factors, the Court finds that the balance of the six *Pharmacy, Inc.* factors weighs in favor of reopening discovery with respect to Guo. Although (1) Plaintiff's request is opposed (factor two), (2) Plaintiff was not diligent in disclosing Guo (factor four), (3) it was foreseeable that Plaintiff would need Guo's testimony to support her case (factor five), and (4) the trial in this matter is not imminent (factor one), Defendants would not be significantly prejudiced by reopening discovery (factor three), and it is likely the discovery will lead to

13

permit Plaintiff to include Guo on her witness list for trial, and will also permit Defendants to depose Guo prior to trial. However, Plaintiff will be required to cover the reasonable costs associated with Guo's deposition as well as the use of an interpreter for that deposition (if necessary). Guo's deposition must be completed by April 6, 2016.

As to Martone, the Court will not permit Plaintiff to amend her witness list to include him. While Martone's testimony about Defendants' wage practices and Plaintiff's job performance has potentially probative value, it is likely to be duplicative or cumulative of Guo's testimony on these topics. And by counsel's own admission, Plaintiff made virtually no effort to identify or disclose this witness until just prior to the submission of the JPTO. In short, Plaintiff has not provided adequate justification for reopening discovery with respect to Martone, and the Court concludes that there is a sufficient basis to preclude Plaintiff from introducing him as a witness at trial under Rule 37(c). *See Pal*, 2008 WL 2627614, at *6 (precluding the defendant from offering testimony or sworn statements at trial from four witnesses who were first disclosed on the final day of discovery) (citing, *e.g.*, *Ehrlich v. Inc. Vill. of Sea Cliff*, No. 04-CV-4025, 2007 WL 1593223, at *3 (E.D.N.Y. June 1, 2007) (precluding witness testimony under Rule 37(c)(1) for failure to comply with Rule 26(a) (1)(A)); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02-CV-9144, 2005 WL 712232, at *2 (S.D.N.Y. Mar. 28, 2005) (same)); *Edwards*, 2009 WL 2167917, at *3 (granting the defendants' motion to preclude the testimony of any non-party witness whose identity the plaintiff did not previously provide in discovery).

---

relevant evidence (factor six). *See Pharmacy, Inc.*, 2008 WL 4415263, at *3; *see, e.g.*, *Thieriot*, 2010 WL 4038765, at *6.

**V.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reopen discovery to add Guo and Martone as witnesses is GRANTED, in part, and DENIED, in part. The deposition of Guo must be completed by April 6, 2016. The Court does not intend to extend this deadline. The reasonable costs of Guo's deposition (and an interpreter if necessary), will be borne by Plaintiff. The parties are to file an Amended JPTO on ECF by April 28, 2016. To the extent the parties make further modifications to the Amended JPTO, they must include a cover sheet with the Amended JPTO explaining those changes to the Court. Once the Court has reviewed the Amended JPTO and determined that it complies with Judge Spatt's Individual Rules, the Court will certify this case over to Judge Spatt as trial-ready.

**SO ORDERED.**

Dated: Central Islip, New York
    March 2, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge